## STURTEVANT *vs.* MILWAUKEE, WATERTOWN & B. V. R. R. CO.

### APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard January 10.]          [Decided May 4, 1860.

### *Railroads—Service of Process.*

Where the Milwaukee and Watertown Railroad Company had procured an appraisement of damages for locating its railroad track, from which the claimant appealed to the circuit court, but before the trial in the circuit court took place, the rights of the company became vested in the Milwaukee, Watertown & Baraboo Valley Railroad Company, and the latter company was substituted for the former company; the notice of substitution was served by letter sent by mail to E. and P. without anything to show that either of them was the attorney of the company; Held, that such notice so served did not give jurisdiction to the court of the latter company, and the judgment against it must be reversed for that reason.

The facts in this case will be gathered from the opinion of the court.

*Billinghurst & Lewis,* for the respondent.

*Emmons & Van Dyke,* for the appellant.

*By the Court,* PAINE, J. In this case the land of the respondent was taken by the Milwaukee & Watertown R. R.

Co. for railroad purposes, and the damages were appraised by commissioners properly appointed. From this appraisal the respondent appealed to the circuit court; and while the appeal was there pending, the appellant was substituted on motion of the respondent, in place of the Milwaukee & Watertown Co., and the damages assessed and judgment rendered against the appellant. This substitution was made by virtue of section 1, chap. 135, R. S., 1858. Without determining whether this section was intended to allow a party to be substituted as defendant on motion of plaintiff, we think the judgment in this case must be reversed, for the reason that if such substitution may take place, it can only be upon proper notice to the party substituted. Such notice would then stand in the place of process, and without it the court would get no jurisdiction of the person. The record here shows that notice of the motion to substitute was sent by letter to "N. J. Emmons, Esq., at Milwaukee, and to H. L. Palmer, Esq., at Milwaukee," but there is nothing to show that those gentlemen, or either of them, were in any way connected with the appellant. If either of them had been its general attorney, a proper service upon him would have been good. But as it is, the record shows no service on the appellant, and as there was no appearance for it, the court acquired no jurisdiction over it.

The judgment is reversed, with costs.